UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEVELOPMENTAL TECHNOLOGIES, LLC,**

    **Plaintiff,**

v.                                                                         Case No. 8:18-cv-1582-T-27TGW

**MITSUI CHEMICALS, INC., a foreign
corporation, and MITSUI CHEMICALS
AMERICA, INC., a foreign corporation,**

    **Defendants.**
_____/

## ORDER

**BEFORE THIS COURT** is Defendant Mitsui Chemicals, Inc.'s Limited Appearance and Motion to Dismiss or Quash Under Fed. R. Civ. P. 12(b)(5) for Insufficient Service of Process. (Dkt. 41). Plaintiff has not responded and the time in which to do so has passed. Accordingly, the Motion is deemed unopposed. Upon consideration, Defendant Mitsui Chemicals, Inc.'s Motion is **GRANTED** solely to the extent that the service of process purportedly served on November 21, 2018 is hereby **QUASHED**.

Under Rule 4 of the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint." See Fed. R. Civ. P. 4. Defendant Mitsui Chemicals, Inc. ("MCI") argues that Plaintiff served them with a copy of the state court complaint, not the operative Amended Complaint, requiring that service be quashed. Notwithstanding MCI's arguments, "[a]s with a challenge to jurisdiction . . . the party on whose behalf service is made has the burden of establishing its validity."

1

*Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980) (citations omitted).[1]
And as discussed, Plaintiff has failed to provide a response. Upon a review of the record I find that service was not properly accomplished. *See Gellert v. Richardson*, No. 95-256-CIV-ORL-19, 1996 WL 107550, at *2 (M.D. Fla. Jan. 26, 1996), *aff'd*, 124 F.3d 1299 (11th Cir. 1997) ("Serving a complaint which has been superseded with the summons on a defendant after filing an amended complaint is not proper service of process.").

Nevertheless, "[u]pon a showing of insufficient service of process, Fed. R. Civ. P. 12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Miller v. Bd. of Educ.*, 2006 U.S. Dist. LEXIS 76238, *5 (D.N.M. Jan. 18, 2006) (citation omitted). *See also S.J. v. Issaquah Sch. Dist. No. 411*, 470 F3d 1288, 1293 (9th Cir. 2006) (under 12(b)(5), when service of process is insufficient, district court has discretion either to dismiss the action without prejudice or to quash service). "[W]hen there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow the plaintiff to perfect service." *Geer v. McGregor*, 2011 U.S. Dist. LEXIS 130718, *9 (D.S.C. Oct. 18, 2011) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)).

Defendant MCI has not demonstrated that they will be prejudiced if the Court quashes the return of service instead of dismissing the complaint. Therefore, although the November 21, 2018 service was deficient, MCI's motion to dismiss pursuant to 12(b)(5) is due to be **DENIED**.

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Accordingly, Defendant Mitsui Chemicals, Inc.'s Motion (Dkt. 41) is **GRANTED** *in part*. The service attempt on MCI is **QUASHED**. Plaintiff shall effect service of process, in accordance with Rule 4 of the Federal Rules, on MCI ***within 14 days***. The motion is denied in all other respects.

**DONE AND ORDERED** this 7th day of March, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record