UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEVELOPMENTAL TECHNOLOGIES, LLC,**
a Florida limited liability company,

    Plaintiff,

v.                                                      Case No. 8:18-cv-1582-T-27TGW

**MITSUI CHEMICALS, INC.,** a foreign
corporation, and **MITSUI CHEMICALS
AMERICA, INC.,** a foreign corporation,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Mitsui Chemicals, Inc.'s Motion to Dismiss Count III (Misappropriation of Idea) of the Second Amended Complaint (Dkt. 82), and Plaintiff Developmental Technologies, LLC's response (Dkt. 94).[1] Upon consideration, the Motion (Dkt. 82) is **DENIED**.

**I.**     **Background**

Developmental Technologies, LLC ("DTL"), a research and development company, developed and patented an irrigation system, Eco-Ag, which delivers "water and nutrients to plant life using a mix of patented and proprietary methods." (Dkt. 51 at ¶¶ 8, 11). Mitsui Chemicals, Inc. ("MCI"), a Japanese corporation, "develops chemical products and technologies." (Dkt. 37, p. 5).

In 2010, DTL and MCI began communicating about MCI's possible acquisition of DTL's irrigation product systems, including the Eco-Ag system. (Dkt. 51 at ¶¶ 15-16). After initial talks, MCI informed DTL that it would like to visit DTL's facilities to inspect the irrigation systems. (Id.

---

[1]     The case against Mitsui Chemicals America, Inc. ("MCA") was dismissed with prejudice on September 25, 2019. *See* (Dkt. 98).

1

at ¶ 21). Shortly thereafter, MCI "entered into a Non-Disclosure and Non-Use Agreement" ("NDA") with DTL, which "established guidelines for the use and disclosure of confidential and proprietary information that would be disclosed . . . ." (Id. at ¶¶ 27-28). After executing the NDA, representatives from MCI visited DTL's facility in Bradenton, Florida. (Id. at ¶ 29). During and after this visit, DTL disclosed confidential information relating to the Eco-Ag product to MCI. (Id. at ¶ 33).

An agreement for MCI to purchase the Eco-Ag system never materialized and DTL alleges that MCI is currently marketing two crop irrigation products that "use the Confidential Information disclosed to [MCI] while under the NDA . . ." (Id. at ¶¶ 40-41, 44) and that MCI filed a foreign patent application "in direct violation of the NDA." (Id. at ¶¶ 46, 48).

In the remaining counts of the Second Amended Complaint, DTL brings this action against MCI for the misappropriation of trade secrets in violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001 et seq. ("FUTSA") (Count I); misappropriation of idea (Count III); and breach of contract (Count V). (Dkt. 51, pp. 12-19). MCI moves to dismiss Count III.

## II.    Standard

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court's scope of review on a motion to dismiss must be

limited to the four corners of the complaint. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

Although it is axiomatic that a complaint's allegations must be accepted for purposes of a motion to dismiss, this is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. And all reasonable inferences must be drawn in DTL's favor. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

**III.    Discussion**

MCI moves to dismiss DTL's claim for misappropriation of idea (Count III), arguing that the alleged misappropriation of DTL's "Eco-Ag" irrigation technology is barred by Florida's statute of frauds, Fla. Stat. § 501.972. (Dkt. 82, p. 1).[2] As will be discussed, however, DTL incorporates by reference an allegation into Count III of the Second Amended Complaint which satisfies the writing requirement in Fla. Stat. § 501.972(1). For purposes of MCI's motion, that allegation must be accepted as true.

Section 501.972(1) of the Florida Statutes provides:

> Except as provided in subsection (2), the use of an idea, procedure, process, system, method of operation, concept, principle, discovery, thought, or other creation that is not a work of authorship protected under federal copyright law does not give rise to a claim or cause of action, in law or in equity, unless the parties to the claim or cause of action have executed a writing sufficient to indicate that a contract has been made between them governing such use.

Subsection (2) excepts "[a]ny cause of action based in copyright, trademark, patent, or trade secret," as well as any defenses to those claims. Fla. Stat. § 501.972(2). Accordingly, in the

---

[2] To state a claim for misappropriation of idea, DTL must allege (1) that the idea was novel, (2) its disclosure of the idea was made in confidence, and (3) the idea was adopted and used by MCI. *See Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 842 (11th Cir. 2013).

3

absence of a written contract, the only claims that can be brought for the use of ideas, concepts, and the like (that are not protected by copyright law) are those based in copyright, trademark, patent, or trade secret.

Based on this statute, MCI argues that DTL's "misappropriation of idea claim, as pleaded in the Second Amended Complaint and characterized by DTL in its Prior Opposition, does not allege a writing sufficient to indicate a contract governing the use of the allegedly misappropriated idea." (Dkt. 82, pp. 5-6). The "Prior Opposition" refers to DTL's response to MCA's previous motion to dismiss. *See* (Dkt. 61). Specifically, MCI contends that when DTL opposed that motion, it "represented to this Court that . . . the NDA 'only applies to trade secret information,'" and because its misappropriation of idea claim involved non-trade secret information, the claim therefore depended on activities "that [were] ***not covered by the NDA***." (Dkt. 82, p. 6) (emphasis in original) (quoting (Dkt. 61, pp. 3-4)). MCI contends these representations, as applied to DTL's misappropriation of idea claim, "untether[] the only alleged agreement between DTL and MCI identified in the Second Amended Complaint from the idea that is subject of the misappropriation of idea claim . . . ." (Id.).[3] This argument lacks merit.

---

[3] MCI further contends that if DTL attempts to argue against this position, it should be judicially estopped from doing so. (Id. at pp. 8-9). To apply the doctrine of judicial estoppel, MCI requests this Court to take judicial notice of DTL's representations in the Prior Opposition. (Id. at 8). These representations, however, are outside the four corners of the Second Amended Complaint. *See Speaker v. U.S. Dep't of Health & Human Servs., Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (On a Rule 12(b)(6) motion to dismiss, the scope of the district court's review is generally limited to the four corners of the complaint.). The request is therefore denied. *See Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) ("[A] court has wide discretion to take judicial notice of facts.").

Notwithstanding, and as correctly noted in DTL's opposition, there is no allegation that the Prior Opposition was made under oath. *See Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017) (noting that one of the factors a district court must consider before applying judicial estoppel is "whether . . . the party took an inconsistent position under oath in a separate proceeding"). And although this factor is not "inflexible or exhaustive," MCI provides no authority in which the doctrine of judicial estoppel was applied to arguments raised in oppositions to motions to dismiss. *Smith v. Haynes & Haynes P.C.*, No. 17-14150, 2019 WL 5152143, at *5 n.4 (11th Cir. Oct. 15, 2019).

Upon review, the Second Amended Complaint sufficiently identifies a writing, here the NDA, to indicate a contract was made between the parties governing the use of DTL's idea. In Count III, DTL alleges,

> 27. On or around August 12, 2010, Mitsui (both MCI and MCA) entered into a Non-Disclosure and Non-Use Agreement with DTL, attached hereto as Exhibit "A" and incorporated herein . . . .
>
> 28. The NDA established guidelines for the use and disclosure of confidential and proprietary information that would be disclosed to Mitsui.

(Dkt. 51, Second Am. Compl., at ¶¶ 27-28). And within Count III, DTL alleges,

> 76. DTL provided to MCI a collection of trade secrets and non-trade secret information, including, but not limited to, research data, marketing plans, financial forecasts, a product concept, a product design, crop data, and market growth models, which, when combined, resulted in a novel idea for a business plan and model for an Eco-Ag styled product (the, "Idea").

(Id. at ¶ 76). Based on these allegations, which at this stage are accepted as true, Count III is based on MCI's use of DTL's novel idea. Further, this idea, which is alleged to be comprised of the combination of trade secret and non-trade secret information, was disclosed to MCI in confidence "under the umbrella of the NDA." (Dkt. 94, p. 6). Such allegations therefore plausibly state a claim for misappropriation of idea.[4]

Accordingly, MCI's Motion to Dismiss Count III (Dkt. 82) is **DENIED**. MCI shall answer the Second Amended Complaint within twenty (20) days.

**DONE AND ORDERED** this 29th day of October, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[4] MCI's argument that Count III should be dismissed pursuant to the independent tort doctrine fails. *See* (Dkt. 82, p.9 n.3). As previously held as to MCA and applicable here, DTL's claims for misappropriation of idea and breach of contract are independent of each other because the misappropriation of idea claim alleges the misappropriation of some information that ostensibly falls outside the scope of the underlying contract, the NDA. *See* (Dkts. 72, 76).

5